**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MANUEL GUTIERREZ-GONZALEZ,

     Defendant-Appellant.

No.07-2139
New Mexico
(D.C. No. 06-CR-977 MV)

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, **ANDERSON**, and **BRORBY,** Senior Circuit Judges.

On February 23, 2006, Manuel Gutierrez-Gonzalez (the defendant) was arrested in Las Cruces, New Mexico, on an informant's tip to the Border Patrol that the defendant was an alien residing in New Mexico. He was later charged in an information filed in the United States District Court for the District of New Mexico with the crime of reentry by an alien previously deported because of his conviction for an aggravated felony, in

---

[*]The parties having waived oral argument, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 8 U.S.C. §§ 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2). On May 11, 2006, the defendant, pursuant to a plea agreement which preserved his appeal rights, pled guilty to that information and the matter was referred to the Probation Department for a pre-sentence report (PSR).

Using the applicable edition of the Guidelines Manual, the PSR set defendant's base offense level at 8. The PSR then increased defendant's base offense level by 16 based on defendant's prior conviction, on October 18, 1983, for a "crime of violence," i.e. second degree murder, for which he had served nine years imprisonment and was thereafter deported to Mexico. Defendant's offense level of 24 was then reduced by three levels for acceptance of responsibility, resulting in a total offense level of 21. Defendant's criminal history category was set at IV. The guideline sentencing range was thusly set at 57-71 months imprisonment.

On February 20, 2007, defendant's counsel filed a motion to deviate from the Sentencing Guidelines, citing, *inter alia*, defendant's family ties and responsibilities. The Probation Department then filed an addendum to its PSR and ended by stating that a sentence below the guideline range was warranted. In response thereto, the Government stated it would not object to a sentence of 41 months, which sentence assumed an offense level of 18 and a criminal history of IV. On May 10, 2007, defendant filed a motion for downward departure asking for a reduction in criminal history category from IV to III.

At sentencing, the District Court concluded that defendant's criminal history category of IV was overstated, and that a category of III was more appropriate. The

District Court then noted that the guideline range for one with an adjusted offense level of 21 and a criminal history category of III was imprisonment for 46 to 51 months. Using that as its starting point, the District Court then considered at length defendant's family history and imposed a sentence of imprisonment for 41 months. Defendant appeals that sentence.

On appeal, counsel raises two issues, which she frames as follows:

I. Whether the sentence imposed on Mr. Gutierrez-Gonzalez was unreasonable?

II. Whether the District Court followed the *Rita* Rule that the District Court should not or may not employ a presumption in favor of a Guidelines Sentence in connection with Section 3553(A)?

I.

Absent a statutory mandated sentence, a sentence must be "reasonable" whether it be within or above or below the guideline range. If the sentence is within the guideline range it is presumptively reasonable on appeal. *Rita v. United States*, 127 S.Ct. 2456, 2463 (2007).

As we understand it, counsel on appeal does not challenge, nor did she in the District Court challenge, the court's determination that the applicable guideline range was 46 to 51 months imprisonment, such range being based on an adjusted offense level of 21 and a criminal history category of III. However, as above stated, at sentencing the District Court was of the view that a sentence at the low end of that guideline range did

not "fit the crime," so to speak, and imposed a sentence of 41 months, five months below the low end of the guideline range.

Counsel's first argument in this Court is that the district court's sentence of 41 months was "unreasonable," and should have been even lower. We do not agree and, on the contrary, believe that all things considered, the District Court's sentence of 41 months was "reasonable" as required by 18 U.S.C. § 3553(a). The defendant, as stated, pled guilty to the crime charged in the information, i.e., re-entry after having been deported because of a conviction of an aggravated felony, i.e., second degree murder. Further, the record indicates that the defendant had been arrested once before for re-entry into the United States, resulting in a second deportation. True, defendant did have family ties and responsibilities, but all things considered we conclude a sentence of imprisonment for 41 months meets the "reasonableness" requirement of 18 U.S.C. § 3553(a). The sentence of 41 months is both "reasoned" and "reasonable." *See Rita v. United States*, 127 S. Ct. at 2465; *United States v. Angel-Guzman*, 506 F.3d 1009 (10th Cir. 2007).

## II.

Defendant on appeal also suggests that the sentence of 41 months violates the rule of *Rita v. United States*, 127 S.Ct. 2456. Counsel claims that the District court failed to follow the teaching of *Rita* that a District Court may not, and should not, "employ a presumption in favor of a guideline sentence in connection with Section 3553(a)." However, the District Court clearly understood its sentencing mandate under §3553(a) and further, did not sentence defendant to a term of imprisonment within the applicable

guideline range, but went below and gave a sentence of 41 months. We fail to see how a sentence <u>below</u> the guideline range in any way infringes on the admitted rule that a sentence <u>within</u> the guideline range on appeal is "presumptively reasonable."

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge