FILED
United States Court of Appeals
Tenth Circuit

December 23, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENT CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENÉ MADRID-APODACA,

Defendant - Appellant.

No. 13-2171
(D.C. No. 2:13-CR-02515-JB-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

After René Madrid-Apodaca pleaded guilty to illegally reentering this

country after a prior deportation, he and the government agreed to a sentence of

between two and eight months. In considering the various sentencing factors

prescribed by 18 U.S.C. § 3553(a), however, the district court judged a nine

month sentence more appropriate. The court emphasized, among other things,

Mr. Madrid-Apodaca's record of recidivism and the need for deterrence — noting

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that Mr. Madrid-Apodaca had already been removed for illegally entering this country five times, and that an eight month sentence he received for a prior reentry failed to deter this reentry. Before us, Mr. Madrid-Apodaca has filed a 49-page brief arguing that the district court's announced sentence, one month more than he agreed to, is substantively unreasonable. But a district court's substantive judgment at sentencing is reviewed on appeal only under a highly deferential abuse of discretion standard — a standard this court deems presumptively satisfied where, as here, the district court's sentence itself falls below the range recommended by the advisory guidelines. *See United States v. Gutierrez-Gonzalez*, 271 F. App'x 786, 788 (10th Cir. 2008); *cf. United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). After carefully reviewing Mr. Madrid-Apodaca's submission, we cannot conclude he has borne his burden of overcoming that presumption and we thus affirm.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge